IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 07-cv-00193-CMA-BNB

JUDITH K. HARTMAN, and
ROGER C. HARTMAN,

    Plaintiff,

v.

THE VAIL CORPORATION, a Colorado corporation d/b/a Vail Associates, Inc.,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff Roger Hartman's Loss of Consortium Claim for Lack of Subject Matter Jurisdiction (Doc. # 54). For the reasons stated below, Defendant's motion is DENIED.

## I. BACKGROUND

A detailed recitation of the facts is unnecessary given the limited scope of this order. A brief recap follows. On December 5, 2007, Plaintiffs Judith K. Hartman ("Mrs. Hartman") and Roger C. Hartman ("Mr. Hartman") (collectively "Plaintiffs") filed an amended complaint alleging that The Vail Corporation ("Defendant") is liable to them for alleged injuries and associated losses arising out of a ski lift loading accident which occurred on January 30, 2005, at the Vail Ski Area. Mrs. Hartman's alleged damages include physical injuries suffered as a result of the accident. Mr. Hartman's alleged damages arise not from any physical injury but from a "loss of consortium." It is this

"loss of consortium" claim which is the subject of Defendant's motion. (Doc. # 13, ¶¶ 1, 13, 14; Doc. # 54.)

On January 30, 2009, Defendant filed the instant motion asking the Court to dismiss Mr. Hartman's "loss of consortium" claim for lack of subject matter jurisdiction. Specifically, Defendant argues that Mr. Hartman's claim should be dismissed because it is separate and distinct from Mrs. Hartman's claims and fails to meet the $75,000 jurisdictional limit, standing alone. (Doc. # 54.)

Plaintiffs filed a response on March 9, 2009, to which Defendant replied on March 27, 2009. (Doc. ## 54, 60, 64.) Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1367.

## II.  ANALYSIS

In deciding this motion, the Court must resolve several issues. First, the Court must determine whether Mr. Hartman's loss of consortium claim is part of the same "case or controversy" as Mrs. Hartman's claims. Second, because "federal courts have no jurisdiction without statutory authorization", the Court must then decide whether it has original jurisdiction over any of Plaintiffs' claims under 28 U.S.C. §§ 1331 or 1332. *Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). Finally, if the Court determines it has original jurisdiction over any of the claims, it must then decide whether to exercise supplemental jurisdiction over the remaining claims.

**A.     Case or Controversy**

Defendant argues that Mr. Hartman's claim should be dismissed because his loss of consortium claim is separate and distinct from Mrs. Hartman's claims, *i.e.*, it is not part of the same "case or controversy" as Mrs. Hartman's claims.  Plaintiffs argue that because their claims arise from the same incident, they are part of the same "case or controversy."

The "case or controversy" standard derives from Article III of the Constitution and is a condition precedent to courts having authority to hear a given claim.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 n.12 (1966).  Aside from the question whether a "case" exists at all, *i.e.*, whether it arises under the Constitution or laws of the United States, is live, etc., there is the separate but related question whether two or more claims can be considered a single constitutional "case" for jurisdictional purposes.  *Id*.  The statute authorizing supplemental jurisdiction is illustrative.  Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same **case or controversy** under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added).

"[D]isputes are part of the 'same case or controversy' within § 1367 when they derive from a common nucleus of operative fact."  *Edwards v. Doe*, 2009 WL 1395468 at *4 (10th Cir. 2009) (citing *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328,

335 (2d Cir. 2006)).  The Supreme Court created the "common nucleus of operative fact" standard to give effect to the Article III case or controversy requirement.  *See Gibbs*, 383 U.S. at 725 ("Pendent jurisdiction . . . exists whenever there is a claim arising under [the] Constitution, the Laws of the United States . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.") (internal quotation marks omitted).

Here, the Court is faced with allegations of a single act leading to different injuries to different persons.  Given that the ski-lift accident is the central event common to the injuries alleged by each plaintiff, the Court finds that there exists a "common nucleus of operative fact" between Mrs. Hartman's alleged injuries and Mr. Hartman's alleged injuries, i.e., his loss of consortium claim.  *See Arnold v. Kimberly Quality Care Nursing Serv.*, 762 F. Supp. 1182, 1186 (M.D. Pa. 1991) (sexual harassment claim under Title VII supports state law claim of spouse for loss of consortium).

**B.    Original Jurisdiction**

Having determined that the alleged injuries satisfy the requirements of section 1367(a) – which allows courts to exercise supplemental jurisdiction over claims arising from the same "case or controversy" as claims over which it has original jurisdiction – the Court now considers whether it has original jurisdiction over any of Plaintiffs' claims.

Plaintiffs assert original jurisdiction pursuant to 28 U.S.C. § 1332, which authorizes original jurisdiction where there exists diversity of citizenship between the

parties and a sufficient amount – more than $75,000 – is in controversy.  There is no dispute that both Mr. and Mrs. Hartman are diverse from Defendant, thus satisfying the diversity component.  The question, then, is limited to deciding whether the amount-in-controversy requirement has been satisfied.

Defendant does not dispute that, collectively, Plaintiffs' claims satisfy the amount-in-controversy requirement, nor does Defendant dispute that Mrs. Hartman's claims, standing alone, satisfy the amount-in-controversy requirement.  Instead, Defendant argues Mr. Hartman's claim should be dismissed because, standing alone, it does not satisfy the amount-in-controversy requirement, citing to a $2,000 figure it came upon in discovery.  The question now becomes whether Mr. Hartman's loss of consortium claim must satisfy the amount-in-controversy standard independent of his wife's claims.

That question is squarely resolved by reference to the Supreme Court's *Exxon Mobile Corp*. decision.  *See Exxon Mobil Corp.,* 545 U.S. at 566.  The Court held that §1367 permits exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy minimum amount-in-controversy requirement, as long as other elements of diversity jurisdiction are present and at least one named plaintiff satisfies amount-in-controversy requirement.  *Id*.

Defendant relies on *Leonhardt v. Western Sugar Co.*, 160 F.3d 631 (10th Cir. 1998) in support of its contention that each plaintiff must independently satisfy the amount-in-controversy requirement.  Defendant fails to note, however, that *Leonhardt*

was expressly undermined by the *Exxon Mobil Corp.* decision. *Exxon Mobil Corp.*, 545 U.S. at 551-552, 572.

Perhaps hoping no one notices the 900-pound gorilla in the room, the Court notes that Defendant is wholly unapologetic for its failure to cite to *Exxon Mobile Corp.* in its motion, despite the fact that *Exxon Mobil Corp.* clearly applies and despite the requirement in Fed.R.Civ.P. 11(b) that "[b]y presenting to the court a . . . written motion . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions **are warranted by existing law** *. . .*" Fed.R.Civ.P 11(b) (emphasis added)*.*

Rule 11 problems aside, Defendant, as mentioned, does not dispute that Mrs. Hartman's claims satisfy the amount-in-controversy requirement independent of Mr. Hartman's claim. Thus, because Mrs. Hartman satisfies the amount-in-controversy requirement this Court may exercise supplemental jurisdiction over Mr. Hartman's claim, despite the fact that his claim may be less than the jurisdictional amount needed for diversity jurisdiction.

**C.     Supplemental Jurisdiction**

Having determined that the Court has the power to exercise supplemental jurisdiction over Mr. Hartman's claim, it must now decide whether to use it. Defendant argues that it should not, citing to section 1367(c)(4), which states that "[the Court] may

decline to exercise supplemental jurisdiction . . . if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §1367(c).

Unfortunately, in describing these "exceptional circumstances", Defendant essentially recycles an earlier argument, already rejected, that because the loss of consortium claim "stands alone" or is "separate and distinct" the Court should decline jurisdiction over it. For the same reasons the Court finds that Plaintiffs' claims emerge from a common nucleus of operative fact, the Court finds the absence of "exceptional circumstances" precluding the use of supplemental jurisdiction.

Despite the absence of exceptional circumstances, the Court must still weigh several factors before deciding whether to exercise supplemental jurisdiction over pendent-party claims like Mr. Hartman's. The Court is mindful of "'considerations of judicial economy, convenience and fairness to litigants' and comity in the federal system." *Sullivan v. Scoular Grain Co. of Utah*, 930 F.2d 798, 803 (10th Cir. 1991) (quoting *Gibbs*, 383 U.S. at 726)). Given that the instant case has been under the auspices of federal jurisdiction since January 2007 and given that trial is scheduled for next month, the Court finds that notions of judicial economy, convenience, fairness, and comity incline it to exercise jurisdiction over Mr. Hartman's loss of consortium claim.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff Roger Hartman's Loss of Consortium Claim for Lack of Subject Matter Jurisdiction is DENIED.

DATED:  August   14  , 2009

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge