IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 07-cv-00193-CMA-BNB

JUDITH K. HARTMAN, and
ROGER C. HARTMAN,

    Plaintiff,

v.

THE VAIL CORPORATION, a Colorado corporation d/b/a Vail Associates, Inc.,

    Defendant.

---

## ORDER REGARDING MOTION FOR JUDGMENT

---

The matter is before the Court on Plaintiffs' Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial (Doc. # 88). For the following reasons the motion is DENIED.

### I. BACKGROUND

Plaintiffs sued Defendant alleging negligence and loss of consortium after Plaintiff Judith Hartman fell and sustained injuries trying to load a platter pull style surface lift, known as the Wapiti Lift, at Defendant's ski area.

The case was tried to a jury during the week of September 21-25, 2009. On Friday, September 25, 2009, the jury returned its verdict by completing two special verdict forms. On both special verdict forms, the jury answered the question "Was the Defendant Vail negligent?" by responding "No." The Court entered judgment on the jury verdict on September 28, 2009 (Doc. # 86).

On October 13, 2009, Plaintiff moved for judgment as a matter of law or, in the alternative, a new trial, under Fed. R. Civ. P. 50(b) and 59(a).

## II. ANALYSIS

### A. MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiffs first move for judgment as a matter of law that Defendant was negligent.[1] They argue the loading area of the Wapiti Lift was in violation of § 5.1.1.3.1 of the ANSI standard,[2] which is the track clearing provision. Because this provision was adopted by the Colorado Passenger Tramway Safety Board (CPTSB), its violation would constitute negligence *per se* under Colo. Rev. Stat. § 33-44-104(2).[3] *See Bayer v. Crested Butte Mountain Resort, Inc.*, 960 P.2d 70, 74 (Colo. 1998).

"A party is entitled to judgment as a matter of law only if all of the evidence, viewed in the light most favorable to the nonmoving party, reveals no legally sufficient evidentiary basis to find for the nonmoving party." *Burrell v. Armijo*, 603 F.3d 825, 832

---

[1] Defendant argues that Plaintiffs failed to first move under Fed. R. Civ. P. 50(a) and thus their Fed. R. Civ. P. 50(b) motion – which must be preceded by a Rule 50(a) motion – should be denied. Because the Court concludes that Plaintiffs' motion has no merit, the Court need not address whether Plaintiffs first moved under Rule 50(a).

[2] ANSI means the American National Standards Institute. The relevant industry standard is entitled American National Standard for Passenger Tramways – Aerial Tramways and Lifts, Service Lifts, and Tows – Safety Requirements, ANSI B77.1-1982. Section 5 of that standard applies to surface lifts including the Wapiti platter-pull style lift involved in this case.

[3] Section 33-44-104(2) states in part that "[a] violation by a ski area operator of . . . any rule or regulation promulgated by the *passenger tramway safety board* pursuant to section 25-5-704(1)(a), C.R.S., shall, to the extent such violation causes injury to any person or damage to property, constitute negligence on the part of such operator." (Emphasis added).

2

(10th Cir. 2010). Although the court must view the evidence in a light favorable to the non-movant, the court should not re-weigh the evidence, judge witness credibility, or challenge the factual conclusions of the jury. *Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997).

Plaintiffs' motion focuses on only one of their claims—which charged Defendant with negligence *per se* based on its placement of the Wapiti Lift's control pedestal. Mrs. Hartman's ski tip caught on the pedestal before she fell and was injured. The placement of this pedestal is regulated by the following track clearing provision:

> **5.1.1.3.1. Track Clearing**. A minimum track width shall be cleared and maintained in such a manner that no rocks, stumps, or other obstructions project above the snow surface from the point where the passenger embarks on the lift to the point beyond the safety gate where the passenger would stop, under the most adverse conditions. The minimum total snow track width shall be 2 feet 6 inches (0.8 meter) times the design number of passengers per carrier. In no case shall the track clearing width be less than 6 feet (1.8 meters).

(Doc. # 85-1 at 27, Instruction No. 24.)

The main witness regarding Defendant's compliance with this provision was Clyde Wiessner, Defendant's Director of Lift Maintenance. He was qualified by the Court as an expert on the CPTSB rules and regulations and ANSI. (Doc. # 90-1 at 13-14.)

Mr. Wiessner testified that he twice measured the distance between a point directly below the haul rope and the control pedestal, and determined that it was either 32 inches or 27-1/4 inches. (Doc. # 97-2 at 12-13, 27.) Plaintiffs argue these measurements show that Defendant violated this provision and were thus negligent *per se.*

3

Mr. Wiessner, however, also testified that these measurements did not constitute a violation of this provision. He cited two reasons: (1) because the track clearing provision did not apply to the area where the accident occurred and (2) because the pedestal was not an "obstruction" within the meaning of the ANSI provision. (Doc. # 90-1 at 5-8.) As to the first reason, he explained it was his belief the track clearing provision did not apply to where the accident occurred because the accident occurred in the load area. (*Id.* at 7.) As to the second reason, he testified that the word "obstructions" refers to natural obstructions like rocks and stumps, as opposed to the control pedestal. He further testified that this interpretation of the word "obstructions" has been accepted by the Colorado Passenger Tramway Safety Board. (*Id.* at 21.) Finally, he testified that the lift had never been cited for a violation of Section 5.1.1.3.1 because of an obstruction at the bottom of the lift. (*Id.* at 21-22.)

Plaintiffs attack Mr. Wiessner's testimony. In so doing, they implicitly ask the Court to discredit his testimony – a task reserved for the jury not the Court. *See Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997). For example, Plaintiffs refer to Mr. Wiessner's testimony as "argument"[4] and opine that his "personal interpretation of the Track Clearing provision is both incompetent and incorrect as a matter of law."[5]

Mr. Wiessner, however, was qualified as an expert to testify and state an opinion regarding Defendant's compliance with the at-issue track clearing provision.

---

[4] (Doc. # 97 at 6-7.)

[5] (*Id.* at 5.)

4

Accordingly, his opinion that Defendant was not violating the ANSI provision – despite Plaintiffs' regard for that opinion – constituted competent evidence from which the jury could make its factual findings. *See* Fed. R. Evid. 702, 703, 704. The jury was provided an instruction on expert witnesses. It instructed to give expert opinions, like those of Mr. Wiessner, the weight it deserved; if it deserved none, the jury could disregard it. (*See* Doc. # 85-1 at 13.) Here, the jury obviously credited Mr. Wiessner's testimony, as it found Defendant was not negligent. The Court, viewing this evidence in favor of Defendant, as it must, finds it constitutes a legally sufficient evidentiary basis on which to find in favor of Defendant. Accordingly, the Court will deny Plaintiffs' motion for judgment as a matter of law.

**B.     MOTION FOR NEW TRIAL**

In the alternative, Plaintiffs move for a new trial, arguing "the jury's finding that Defendant Vail was not negligent was against the manifest weight of the evidence." (Doc. # 88 at 1.) "If 'a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence.'" *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir.1999)). For the same reasons explained above, the Court finds that the jury's finding that Defendant was not negligent is not clearly, decidedly, or overwhelmingly against the weight of the evidence. Accordingly, the Court will deny Plaintiffs' motion for a new trial.

### III. CONCLUSION

The Court DENIES Plaintiffs' Motion for Judgment As A Matter of Law Or, In The Alternative, For A New Trial (Doc. # 88).

DATED: August  23 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge